**[J-15-2024] [MO: Todd, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 801 CAP |
| | : | |
| Appellee | : | Appeal from the Judgement of |
| | : | Sentence entered on May 31, 2022, |
| | : | in the Court of Common Pleas of |
| v. | : | Cumberland County, Criminal |
| | : | Division, at No. CP-21-CR-0001964- |
| | : | 2020. |
| DAVONE UNIQUE ANDERSON, | : | |
| | : | ARGUED: March 6, 2024 |
| Appellant | : | |

## CONCURRING OPINION

**JUSTICE McCAFFERY**                    **DECIDED: September 26, 2024**

"The death penalty not only takes away the life of the person strapped to the table — it takes away a little bit of the humanity in each of us."
—Clint Smith[1]

If we, as a society, wish to impose death on one of our fellow citizens and thereby diminish ourselves in the process, we had better be sure to do so only after ensuring an examination of conscience, a complete and vigorous defense, and a full discussion of the issues involved.

Although I agree with the Court's result, I write separately to express my deep discomfort with affirming a death sentence given the very poor quality of Anderson's representation.   This level of representation should highlight the need for greater

---

[1] Clint Smith, *There is No Justice in Killing Dylann Roof*, THE NEW YORKER (June 4, 2016), https://www.newyorker.com/news/news-desk/there-is-no-justice-in-killing-dylann-roof.

resources, education, and training for capital defense litigation in this Commonwealth — a need often identified, yet never addressed.

In this case, defense counsel's only engagement with Anderson's capital sentence concerns the irrelevant fact that the verdict slip initially listed one of the victims' names — Sydney — as an aggravating factor. The name was then crossed out and replaced with "B1(3)[,]" which corresponds to one of the aggravating factors for a capital sentence provided in 42 Pa.C.S. § 9711(d)(10). *See id.* (listing as an aggravated circumstance the defendant's conviction "of another murder committed in any jurisdiction and committed either before or at the time of the offense at issue."). As the Majority aptly demonstrates, this argument is weak and unavailing. Clearly, the jury was referring to the murder of one of the victims, Sydney Parmelee, as the aggravating factor. The fact that they initially wrote the victim's name does not show they reached a verdict based on impermissible considerations, such as sympathy for that victim.

Counsel's presentation of mitigating evidence before this Court is similarly meager, with little (if any) time devoted to mitigation at argument. Moreover, in the submitted brief, counsel fails to describe the mitigating evidence presented at trial with any level of detail.

To compound these deficiencies, defense counsel raises no other objections to the death penalty. He does not mention, let alone raise an as applied or facial challenge to, the constitutionality of the death penalty in Pennsylvania.

Nor is this the only issue defense counsel fails to put forth. Indeed, I am disturbed by counsel's failure to challenge what appears to be a quite glaring matter: Anderson's "voluntary" excited utterance confession to the corrections officer **after he was put on suicide watch for attempting to kill himself while in custody**. In my mind, there is

certainly a question as to whether such a statement, given by a person experiencing a mental health crisis, can be voluntary, especially where, as here, Anderson gave this statement after being in custody for nearly 12 hours without access to the counsel he requested upon his arrest. Inexplicably, counsel made no attempt to argue this issue, or, it seems, to evaluate the defendant's competency.

Unfortunately, this dismal advocacy illustrates long-standing issues with capital representation in Pennsylvania and the great harm ineffective lawyering poses to capital defendants. Former Chief Justice Saylor highlighted this very problem on numerous occasions. *See, e.g.*, *Commonwealth v. Johnson*, 985 A.2d 915, 928 (Pa. 2009) (Saylor, J., concurring) (articulating "continuing concern" with the performance of counsel in capital cases); *Commonwealth v. King*, 57 A.3d 607, 636 (Pa. 2012) (Saylor, J., concurring) (noting "we have seen more than enough instances of deficient stewardship to raise very serious questions concerning the presumption[]" of effective capital defense representation); *Commonwealth v. Cousar*, 154 A.3d 287, 314 (Pa. 2017) (Saylor, C.J., concurring and dissenting) (describing "a pattern of deficient representation that we have seen in capital litigation in Pennsylvania") (citation omitted).[2]

I strongly echo former Chief Justice Saylor's concerns. As such, I seriously question the death penalty's constitutionality and efficacy, given the truly dire state of capital representation in this Commonwealth. Where the difference between a death sentence and life sentence (or acquittal) largely depends upon the caliber of lawyer a defendant happens to obtain, and where that difference is so vast, our capital system

---

[2] *See also* Saylor, Thomas G., *Death-Penalty Stewardship and the Current State of Pennsylvania Capital Jurisprudence*, 23 WIDENER L.J. 1, 22-35 (2013) (describing numerous examples of ineffective capital counsel in Pennsylvania).

cannot be anything but arbitrary.  I save for another day the many other reasons for which I believe the death penalty has no place in our Commonwealth.